IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STATE OF ALASKA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
DEB HAALAND, Secretary of the　　　　)
Department of the Interior; et al.　　)
　　　　　　　　　　　　　　　　　　　)　　No. 3:21-cv-0158 -HRH
　　　　　　　　　　　Defendant.　　　)
_____)

O R D E R

Case Status

By this court's order of March 14, 2022,[1] plaintiff's complaint was dismissed without prejudice and without leave to amend. A final judgment[2] was entered March 14, 2022, dismissing this case without prejudice. Defendants appealed.[3] In due course, the parties engaged in settlement discussions leading to a stipulation to dismiss defendants' appeal[4] pursuant to a Stipulated Settlement Agreement.[5] Acting on the stipulation to dismiss the appeal without prejudice, the Ninth Circuit Court of Appeals filed its order of

---

[1] Docket No. 19.

[2] Docket No. 20.

[3] Notice of Appeal, Docket No. 21.

[4] Docket No. 25-1 at 8.

[5] Docket No. 25-1 at 1.

Order – Case Status　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　- 1 -

June 2, 2023, dismissing defendants' appeal without prejudice.[6]  That order expressly served as the court of appeals' mandate, which has the effect of returning jurisdiction of this case to this court.

Although the parties' joint motion for approval of their Stipulated Settlement Agreement recognizes that plaintiff's complaint in this court has been dismissed, neither the parties' joint motion nor the Stipulated Settlement Agreement addresses the fact that this case, in this court, was and remains closed by the court's judgment.  That said, it is entirely clear from the joint motion and the Stipulated Settlement Agreement (as well as the mandate of the Ninth Circuit Court) that the circuit court and the parties intend that "jurisdiction ... re-vest in the District Court to approve referenced settlement agreement."[7]

The court proposes that the parties confer and that they file a further joint motion pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, to vacate this court's order of March 14, 2022,[8] and judgment of March 14, 2022.[9]  The parties' Stipulated Settlement Agreement, which is expected to resolve this litigation, constitutes good and just cause to afford the parties relief from the court's final judgment dismissing plaintiff's complaint.

With the vacatur of this court's order and judgment dismissing plaintiff's complaint, the court can and will reassert jurisdiction of this case.  Approval of the joint Rule 60(b)(6) motion will facilitate implementation of several terms of the Stipulated

---

[6]Docket No. 24.

[7]Docket No. 25-1 at 3, ¶ C.1.

[8]Docket No. 19.

[9]Docket No. 20.

Settlement Agreement, the management of which would be a bit awkward without reinstatement of the plaintiff's complaint.

Without a "live" case, the retention of jurisdiction – "solely to oversee compliance with the settlement agreement" – is procedurally awkward. With plaintiff's case reinstated, the court has no difficulty with retaining jurisdiction to oversee compliance with the settlement agreement.

The parties request that the court "transfer this litigation" to its "inactive docket."[10] The concept of an "inactive docket" is not familiar to this court. We have no "inactive docket." However, we do routinely enter and docket orders staying proceedings for various reasons, which certainly would include the situation presented in this case: the parties have reached a settlement and have agreed that plaintiff will "forbear from filing an amended complaint or take any additional steps to pursue litigation in this matter in the District Court [etc.]."[11] In approving the parties' Stipulated Settlement Agreement, the court is prepared to stay other proceedings as contemplated by the Stipulated Settlement Agreement, paragraph C.2.

Finally, if defendants render one or more decisions as contemplated by the Stipulated Settlement Agreement, paragraph C.3, the parties agree that "this litigation will be deemed as having been dismissed with prejudice."[12] Having this case "deemed" as having been dismissed strikes the court as inconclusive for purposes of the court's records. Upon defendant's compliance with the terms of the settlement agreement, the court would have

---

[10]Docket No. 25-1 at 4, ¶ C.4.

[11]Docket No. 25-1 at 3, ¶ C.2.

[12]Id. at 4, ¶ C.3.

Order – Case Status - 3 -

defendants (severally or jointly with plaintiff) move for the dismissal of plaintiff's reinstated complaint with prejudice.

Counsel for the parties will please confer and provide the court with their joint or several responses to the foregoing on or before **July 12, 2023**.

DATED at Anchorage, Alaska, this  26th  day of June, 2023.

/s/   H. Russel Holland
United States District Judge