IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STATE OF ALASKA, )
)
                  Plaintiff, )
)
vs. )
)
DEB HAALAND, Secretary of the )
Department of the Interior; et al. )
) No. 3:21-cv-0158 -HRH
                  Defendant. )
_____)

O R D E R

Approval of Settlement

    While this case was on appeal before the Ninth Circuit Court, the parties reached a settlement. The circuit court's order of June 2, 2023, expressly served as the appellate court's mandate to this court for purposes of approval or rejection of the parties' settlement agreement.[1] In furtherance of the circuit court's mandate, the parties filed their joint motion for approval of stipulated settlement agreement.[2]

    In its order of June 26, 2023,[3] this court advised the parties of its concern that this case had been closed by the entry of a judgment.[4] The court suggested that the parties file a further joint motion pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, to

---

[1] Docket No. 24.

[2] Docket No. 25.

[3] Docket No. 26 at 2.

[4] Docket No. 20.

Order – Approval of Settlement                                                                     - 1 -

vacate this court's order of March 14, 2022,[5] and this court's March 14, 2022, judgment. In due course, plaintiff filed a motion to vacate this court's order and judgment and to stay proceedings.[6] Defendant United States responded to the motion to vacate.[7] By and large, the motion to vacate is unopposed.

In responding to plaintiff's motion to vacate, defendants express concerns which do not compromise the parties' stipulated settlement agreement or the court's concerns expressed in its order of June 26, 2023.

Defendants expressly join in plaintiff's motion requesting vacatur of the court's March 14, 2022, judgment. Defendants agree that there is good cause for the plaintiff's Rule 60(b)(6) motion based upon the parties having reached a settlement agreement. Defendants also concur in the court's suggestion that further proceedings in this case be stayed until December 31, 2024, with the understanding that the parties may move for dismissal of this case at an earlier date if defendants satisfy their obligations under the settlement agreement before December 31, 2024.

Defendants object to the court's proposal to vacate its opinion and order,[8] suggesting that vacating the judgment[9] is sufficient for purposes of proceeding with approval of the settlement agreement. The court agrees. Vacatur of the court's judgment will satisfy the court's concerns about having a viable case for purposes of the parties' settlement agreement.

---

[5]Docket No. 19.

[6]Docket No. 27.

[7]Docket No. 30.

[8]Docket No. 19.

[9]Docket No. 20.

Plaintiff's motion to vacate is granted as to the court's judgment and denied as to the court's March 14, 2022, order.

The court had suggested – and plaintiff in its motion to vacate requests – that the court stay any further proceedings in this case until no later than December 31, 2024, the last date by which the parties have agreed the defendants will issue one or more decisions to revoke or not revoke, or partially revoke, any land withdrawals that are the subject of this litigation. Defendants join in plaintiff's request for a stay. Plaintiff's motion to stay proceedings until a date consistent with paragraph B.1 (December 31, 2024) of the settlement agreement is granted.

In its order of June 26, 2023, the court expressed concern with respect to paragraph C.3 of the settlement agreement. That paragraph provided that if defendants issue one or more decisions by the agreed-upon date, "this litigation will be deemed as having been dismissed with prejudice."[10] The court expressed its interest in a more definitive provision for the termination of this litigation. Defendants urge the court to approve the parties' settlement agreement, including the C.3 provision. Plaintiff agrees;[11] but the parties also agree that, "upon Defendants' satisfaction of the Settlement Agreement, the parties will file a joint motion for dismissal of Alaska's Complaint with prejudice.[12] This latter agreement satisfies the court's concerns, and the parties' settlement agreement will be approved, including paragraph C.3 as written.

---

[10] Docket No. 25-1 at 4, ¶ C.3.

[11] Docket No. 30 at 3.

[12] Id. at 3, ¶ 3.

Order – Approval of Settlement - 3 -

Conclusion

Plaintiff's motion to vacate order and judgment is granted in part and denied in part. The motion to vacate the court's order of March 14, 2022, is denied. The court's judgment of March 14, 2022, is vacated. These proceedings are stayed until a time consistent with paragraphs B.1 and C.2 of the settlement agreement.

The parties' joint motion for approval of stipulated settlement agreement is granted subject to the court's continuing jurisdiction solely for the purpose of adjudicating any motion to enforce the settlement agreement.

DATED at Anchorage, Alaska, this  24th  day of July, 2023.

/s/   H. Russel Holland
United States District Judge